UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RON MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **2:12-cv-03769-AKK** |
| **HOME DEPOT USA INC,** ) | |
| **CHRIS L THOMPSON,** ) | |
| **ANDREA NICOLE HARRIS,** ) | |
| **RAY BATES, LISA MARSH,** ) | |
| **SHEILA COOK, CHARLES** ) | |
| **JONES, and MARKESIA** ) | |
| **CHRISTIAN,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Ron Miller ("Miller") brings this action against his former employer Home Depot USA, Inc. ("Home Depot") and several individual employees (collectively "Defendants") for race, gender, national origin, and age based employment discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Doc. 1. Defendants seek to dismiss the complaint or, alternatively, to compel a more definite statement. Doc. 10. The motion is fully briefed and ripe for review. Docs. 11, 28, 29. For the reasons stated more fully below, Defendants' motion is **GRANTED in part**.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*,556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more

than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

Home Depot hired Miller, a multi-racial 53-year old male, as a special services associate in 2010. Doc. 1 at ¶¶ 16-17. This "front end" position included operating the front of the store, handling customer complaints, and alleviating staff shortages in other departments. *Id*. Miller reported directly to Andrea Harris, the special services supervisor, but also worked under the "head cashiers" – Lisa Marsh, Sheila Cook, and Markesia Christian. *Id*. at ¶ 18. According to Miller, these four women, all of whom are African American, harassed him due to his race and skin color, gender, and national origin. *Id*. at ¶ 21. Specifically, Harris purportedly "harass[ed] Miller by criticizing him for anything she could without providing constructive education on corrective actions" and "lied to management

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Iqbal*, 556 U.S. at 678-79.

[by] inform[ing] them that Miller . . . no longer wanted to work in Special Service," which resulted in management removing Miller from the department. *Id*. at ¶¶ 23, 28.  Harris, Marsh, Cook, and Christian purportedly mocked Miller regularly, refused to do their fair share of work, and made comments such as "look at the old gimp," "men ain't good for nothing but lifting boxes[,]" or "oh, we thought you were speaking Indian." *Id*. at ¶¶ 23-29, 33.

In response to this alleged harassment, Miller notified Defendant Ray Bates, who purportedly failed to take action. *Id*. at ¶ 30.  Eventually, in December 2010, Miller complained about Harris to the Home Depot corporate office, but it too purportedly failed to take action. *Id*. at ¶ 31.  The following summer, after further incidents with Harris and several female customers, Miller prepared a letter regarding the harassment to send to Defendant Chris Thompson. *Id*. at ¶ 35.  However, Harris allegedly crumpled up the letter and threw it at Miller. *Id*.  Thereafter, Miller advised Thompson "that he was no longer able to tolerate Harris' and Marsh's racism." *Id*. at ¶ 37.

The following week, Home Depot cut Miller's work schedule to 22.5 hours. *Id*. at ¶ 39.  When Miller attempted to contact Bates and Thompson again regarding the alleged discrimination, his schedule was cut to 14 hours. *Id*. at ¶¶ 40-41.  Some time during this process, Miller applied for a full time sales position.

*Id*. at ¶ 42.  However, after Home Depot cut his hours, Defendant Charles Jones informed Miller that the sales position was awarded to a female employee with less experience "and that Home Depot's internal policies for interviewing employees for open positions had been circumvented." *Id*. at ¶ 42.  Due to Home Depot's failure to address the purported discrimination, Miller resigned from Home Depot in June 2011.  *Id*. at ¶¶ 20, 43.

### III. ANALYSIS

Miller appears to allege Title VII and ADEA claims against Home Depot and against employees Harris, Thompson, Bates, Marsh, Cook, Jones, and Christian individually and in their "official capacities."  *See* doc.1.  As a preliminary matter, any claims against individuals under Title VII or the ADEA necessarily fail since both statutes apply to "employers" and, as such, do not recognize individual liability.  *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006); *Albra v. Advan*, 490 F.3d 826, 830 (11th Cir. 2007).  For the same reasons, neither statute sanctions "official capacity" claims to the extent that the claims are against the individual.  Additionally, since there is no individual liability, "official capacity" suits are generally treated as suits against the employing entity.  *See generally, Scott v. Taylor*, 405 F.3d 1251 (11th Cir. 2005).  In other words, the claims against Harris, Thompson, Bates, Marsh, Cook, Jones, and Christian in

their "official capacities" are actually claims against Home Depot, who is already a party to this action. Accordingly, the Title VII and ADEA individual and "official capacity" claims against these defendants are **DISMISSED**.

Home Depot contends that Miller's remaining state law claims are due to be dismissed and asks the court to compel Miller to provide a more definite statement regarding his claims. Doc. 11. The court addresses each contention below.

**A.     Claims Under Alabama Law**

1.     Negligence

Miller alleges that Defendants are liable for negligence for failing to refrain from, prevent, and investigate the alleged discrimination.[2] Doc.1 at ¶ 52. However, Alabama law does not recognize an independent action of negligence for employment discrimination. *See Thrasher v. Ivan Leonard Chevrolet*, 195 F. Supp. 2d 1314, 1320 n.3 (N.D. Ala. 2002), citing *Machen v. Childersburg Bancorporation, Inc.*, 761 So. 2d 981, 983 n.1 (Ala. 2000). Therefore, Miller's negligence claim fails as a matter of law. Moreover, to the extent alleged, "to establish a claim against an employer for negligent supervision, training, and/or

---

[2] This claim is actually plead against all seven individual defendants. However, as discussed above, since the action is brought against these persons in their individual and official capacities, the negligence claim is construed as one against the persons individually and against Home Depot.

retention, the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort." *Thrasher*, 195 F. Supp. 2d at 1320, citing *Stevenson v. Precison Standard, Inc.*, 762 So. 2d 820, 824 (Ala. 1999). Yet, here, Miller failed to allege a recognized Alabama tort against three of the individual defendants and the outrage claim asserted against the remaining defendants is insufficient to state a claim. *See* section A(2), *infra*. Therefore, to the extent Miller alleged a negligence supervision claim, that claim also fails. Accordingly, Defendants' motion to dismiss count four is **GRANTED**.

  2.  Intentional Infliction of Emotional Distress

  Miller lastly asserts a claim for intentional infliction of emotional distress against Harris, Marsh, Cook, and Christian, doc.1 at ¶ 53, which, in Alabama, is known as the tort of outrage, *Harrelson v. R.J.*, 882 So. 2d 317, 321-22 (Ala. 2003). "The tort of outrage is a very limited cause of action that is available only in the most egregious circumstances." *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993). Accordingly, the tort is appropriate only when the conduct alleged is so "outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Tinker v. Beasley*, 429 F.3d 1324, 1329-30 (11th Cir. 2005) (citing *American Rd. Svc. Co. v. Inmon*, 394 So. 2d 361, 365

(Ala. 1980)).  Moreover, "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient to create liability for outrage, instead "plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind." *Surrency v. Harbison*, 489 So. 2d 1097, 1105-06 (Ala. 1986) (*quoting* Restatement (Second) of Torts, § 46, Comment (d) (1965)).

Based on Miller's contention that these four defendants made inappropriate comments and failed to work as hard as he, Miller's complaint fails to reach the level of egregiousness required to state a claim for outrage.  While discriminatory and derogatory remarks regarding gender, age, or race are indeed inappropriate in the workplace and have no place in civilized society, the comments these defendants purportedly made are best characterized as "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" that cannot be said to "go beyond all possible bounds of decency." *Surrency*, 489 So. 2d at 1105-06 (affirming a directed verdict for defendants on an outrage claim alleging that defendant committed assault and battery and made several disparaging comments and threats); *Tinker*, 429 F.3d at 1329-30; *see also Thomas v. Williams*, 21 So. 3d 1234, 1239-40 (Ala. Civ. App. 2008) (affirming dismissal of an outrage claim where the plaintiff alleged the defendant made derogatory remarks about the

plaintiff to the employer, resulting in the plaintiff's termination).  Accordingly, Defendants' motion to dismiss the outrage claim is also **GRANTED**.

## B.     Motion for More Definite Statement

Finally, Home Depot contends that Miller's Title VII and ADEA claims are "so vague and ambiguous that [it] cannot reasonably prepare a response." Doc.11 at 14 (*quoting* Fed. R. Civ. P. 12(e)).  Specifically, Home Depot asserts that the complaint fails to provide necessary information regarding the timing of Miller's EEOC intake questionnaire and charge, to plead discrete claims in separate counts, or to delineate which claims are brought under Title VII and which fall under the ADEA.  The court agrees.  Accordingly, Home Depot's motion to compel a more definite statement is **GRANTED** and Miller is **ORDERED** to file an amended complaint by **April 5, 2013**.  Among other things, the amended complaint must specifically note (1) when Miller filled out his EEOC intake questionnaire; (2) the date Miller filed his EEOC charge, (3) the facts forming the basis for his Title VII claim and the individuals who he claimed engaged in the discriminatory conduct; and (4) the facts forming the basis for his ADEA claim and the individuals who he claims engaged in the discriminatory conduct.

## IV. CONCLUSION

For the reasons stated above, Home Depot's motion is **GRANTED in part**.

The claims against Harris, Thompson, Bates, Marsh, Cook, Jones, and Christian, in their individual and official capacities, are **DISMISSED** – leaving only Title VII and ADEA claims against Home Depot.  Additionally, Miller is **ORDERED** to file an amended complaint by April 5, 2013.

    **DONE** this 11th day of March, 2013.

                                      **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE